IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**DAVID LEE STARR**                                                                                          **PLAINTIFF**
**ADC #084807**

v.                                            No. 2:23-CV-00129-LPR-JTK

**BRANDY MOODY, et al.**                                                                              **DEFENDANTS**

## ORDER

The Court has reviewed the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 48). No objections have been filed, and the time to do so has expired. After a *de novo* review of the PRD and careful consideration of the entire case record, the Court hereby approves and adopts the PRD in its entirety as this Court's findings and conclusions in all respects. Accordingly, the Medical Defendants' Motion for Partial Summary Judgment (Doc. 42) will be granted. Plaintiff's claims against Defendants Kerstein and Moody will be dismissed without prejudice for failure to exhaust administrative remedies, and they will be terminated as parties to this lawsuit. And Plaintiff's claims against Defendant Rechcigl will be limited to those exhausted in Grievance EAM-20-02013.

Considering the foregoing and prior Orders entered by the Court, some housekeeping is necessary to clarify the claims and parties remaining in this case. On July 24, 2014, the Court dismissed all of Plaintiff's individual capacity **and** official capacity claims against Defendant Dycus.[1] Because all of Plaintiff's claims against Defendant Dycus have been dismissed, Defendant Dycus should be terminated as a party to this lawsuit. Plaintiff's individual capacity claims against Defendant Payne, to the extent those claims arose **on or after June 8, 2020**, will

---
[1] Order (Doc. 49) at 3.

proceed. Finally, although Defendant Wellpath, LLC joined the other Medical Defendants in moving for summary judgment based on exhaustion, Defendant Wellpath, LLC did not provide any arguments or statements of fact that would support granting summary judgment in its favor based on Plaintiff's failure to exhaust.[2] Therefore, Plaintiff's claims against Defendant Wellpath, LLC also proceed.[3]

IT IS THEREFORE ORDERED that:

1. The Medical Defendants' Motion for Partial Summary Judgment (Doc. 42) is GRANTED, and Plaintiff's claims against Defendants Kerstein and Moody are DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The Clerk is directed to TERMINATE Defendants Moody, Kerstein, and Dycus as parties to this case.

3. Plaintiff's individual capacity claims against Defendant Wellpath, LLC are DISMISSED without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's official capacity claims against Defendant Wellpath, LLC will proceed for now.

4. Plaintiff's claims against Defendant Rechcigl will proceed, but they are limited to only those claims that were exhausted in Grievance EAM-20-02013.

5. Plaintiff's individual capacity claims against Defendant Payne will proceed, but they are limited to only those claims that arose on or after June 8, 2020.

---

[2] See Medical Defs.' Mot. for Summ. J. (Doc. 42); Br. in Supp. of Medical Defs.' Mot. for Summ. J. (Doc. 43); Defs.' Statement of Facts (Doc. 44).

[3] The Court notes that Defendant Wellpath, LLC is a corporate entity that may only be held liable in its official capacity. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Thus, Plaintiff's claims against Defendant Wellpath, LLC are limited to such official capacity claims. To the extent Plaintiff's Complaint attempts to state individual-capacity claims against Defendant Wellpath, LLC, those claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted. However, because Wellpath, LLC has not filed an adversarial motion to dismiss, the Court will not address the viability of Plaintiff's official capacity claims against Defendant Wellpath, LLC at this time.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 1st day of November 2024.

*[signature]*
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE